# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMELITO EXMUNDO, | 1:07-cv-01711-LJO-SMS-PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S REQUEST FOR REMAND |
| v. | (Doc. 7.) |
| MTA DREW, et al., | |
| Defendants. | OBJECTIONS, IF ANY, DUE IN 30 DAYS |

**I.  RELEVANT PROCEDURAL HISTORY**

Emelito Exmundo ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the instant action in the Kings County Superior Court on April 9, 2007. (Case Number 07C-0220.) The action was removed to federal court by defendants Drew, Vella, Neubarth, Adams, and Cooper and received on January 26, 2007. (Doc. 1.) On January 30, 2008, plaintiff filed a request for the court to remand this action to the Kings County Superior Court. (Doc. 7.) Defendants have not filed an opposition or any other response to the request.

**II.  REMOVAL**

Removal of an action under 28 U.S.C. § 1441(b) depends solely on the nature of the plaintiff's complaint, and is properly removed only if "a right or immunity created by the Constitution or laws of the United States [constitutes] an element, and an essential one, of the

1

1  plaintiff's cause of action." <u>Gully v. First National Bank in Meridian</u>, 299 U.S. 109, 112 (1936).
2  The plaintiff is the master of his or her own complaint and is free to ignore the federal cause of
3  action and rest the claim solely on a state cause of action. See <u>The Fair v. Kohler Die & Specialty</u>
4  <u>Co.</u>, 228 U.S. 22, 25, (1913); <u>Jones v. General Tire & Rubber Co.</u>, 541 F.2d 660, 664 (7th
5  Cir.1976); <u>La Chemise Lacoste v. Alligator Co.</u>, 506 F.2d 339, 346 (3d Cir.1974), <u>cert</u>. <u>denied</u>,
6  421 U.S. 937 (1975).  However, under 28 U.S.C. § 1441(a), a defendant may remove from state
7  court any action "of which the district courts of the United States have original jurisdiction."
8  Federal courts "shall have original jurisdiction of all civil actions arising under the Constitution,
9  laws, or treaties of the United States." 28 U.S.C. § 1331.

10  **III.    DISCUSSION**

11      Plaintiff argues that this action should be remanded to the Kings Superior Court because
12  "[t]he primary suit or issue was for premises liability which is not a federal constitutional
13  violation, and the force used even if it is unnecessary does not meet the requirements of the
14  (PLRA) Prison Litigation Reform Act, 42 U.S.C. Section 1997e."
15      The court has thoroughly reviewed the complaint and finds that it properly satisfies the
16  requirements for federal subject matter jurisdiction under 28 U.S.C. § 1331 and therefore is
17  properly removed.  Although plaintiff's complaint is primarily couched as claims under
18  California state tort law, plaintiff also alleges violations of his "rights to be free from cruel and
19  unusual punishments (sic) as protected by the Eighth Amendment, 'Liberty and Property' interest
20  of the Due Process and Equal Protection clause of the [F]ourteenth Amendment (including 5th
21  and 6th Amendments) of the United States Constitution." (Cmp. at 14:6-10.)  Plaintiff also states
22  in the complaint, "This action is brought under the Americans With Disabilities Act of 1990, 42
23  U.S.C. § 12101 ('ADA') and section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794
24  ('RA')." (Cmp. at 13:22-24.)  Plaintiff's arguments that he did not bring the case primarily as a
25  federal action, and that one of the claims may not meet the requirements of the Prisoner
26  Litigation Reform Act, are not sufficient reasons to remand the case.  As stated above, removal
27  of an action under 28 U.S.C. § 1441(b) depends solely on the nature of plaintiff's complaint.
28  <u>Gully</u>, 299 U.S. at 112.  Accordingly, plaintiff's request for remand should be denied.

### IV. CONCLUSION

Based on the foregoing, the court HEREBY RECOMMENDS that plaintiff's request for remand be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   July 22, 2008                    /s/ Sandra M. Snyder
                                    UNITED STATES MAGISTRATE JUDGE