# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMELITO EXMUNDO, | CASE NO. 1:07-cv-01711-GBC PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| MTA DREW, et al., | (Doc. 26) |
| Defendants. | THIRTY-DAY DEADLINE |

## I. Procedural Background

Plaintiff Emelito Exmundo ("Plaintiff") is a state prisoner who is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action in California Superior Court, County of Kings, on April 9, 2007. (Doc. 1, Attach. 1.) Defendants removed the action to federal court on November 26, 2007. (Doc. 1.) Plaintiff filed a request for remand on January 30, 2008. (Doc. 7.) Finding and recommendations recommending denying Plaintiff's request for remand were issued on July 23, 2008. (Doc. 8.) Plaintiff filed an objection to the findings and recommendation on August 28, 2008. (Doc. 10.) The order adopting the findings and recommendations was signed on September 10, 2008. (Doc. 11.)

Plaintiff filed a first amended complaint on August 7, 2009. (Doc. 17.) An order dismissing the complaint with leave to amend was issued on October 22, 2009. (Doc. 18.) In the order dismissing the first amended complaint Plaintiff was advised that "[u]nrelated claims against different defendants belong in different suits." (Doc. 18, 5:1-2.) Additionally, Plaintiff was advised to "choose which set of related claims he wishes to pursue in this action and only attempt to reallege

1

1  any such related claims in a second amended complaint." (Id. at 5:12-14.)

2  Plaintiff filed a second amended complaint on April 22, 2010. (Doc. 26.) For the reasons
3  set forth below, Plaintiff has failed to state a cognizable claim. Plaintiff will be allowed an
4  opportunity to amend the complaint, but is cautioned that his complaint must comply with this and
5  the prior order issued October 22, 2009.

## II. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "**a short and plain statement of the claim** showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2)(emphasis added). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007)).

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 129 S. Ct. at 1949-50; Moss, 572 F.3d at 969.

## III. Plaintiff's Second Amended Complaint

### A. Allegations

Plaintiff is currently incarcerated at Pleasant Valley State Prison in Coalinga, California. The events alleged in the complaint occurred while Plaintiff was incarcerated in Corcoran State Prison.

Plaintiff names Defendants J. A. Tilton, M. Cates, D. G. Adams, R. Vella, Pina, Speidell, R. Spriester, Voguel, Drew, Renteria, and Cooper. Plaintiff alleges multiple incidents that occur over a period of several years and appear to be unrelated. The Court will not summarize all of the allegations in the second amended complaint since it again entails a variety of apparently unrelated claims that would not present a cohesive basis for analysis.

### B. Legibility

Plaintiff's amended complaint consists of 17 handwritten pages. The body of the complaint is a photocopy consisting of minuscule printing with little spacing between words that is difficult to read and sometimes illegible.

Plaintiff's second amended complaint fails to comply with the Court's prior order and for the reasons set forth below fails to state a cognizable claim. Plaintiff will be granted one final opportunity to amend the complaint.

## IV. Discussion

### A. Legal Standards

Plaintiff is referred to the screening order which was issued on October 22, 2009, for the legal standards that apply to his claim. Plaintiff seems to be attempting to link multiple incidents that occurred over a period of several years by claiming they are all retaliatory. As stated in the prior order, the unrelated claims against different defendants must be brought in different suits. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Since many of the allegations stated in the complaint are the same allegations stated in the other cases currently filed,[1] the Court is unable to determine what claims Plaintiff is attempting to bring in this action. In the amended complaint Plaintiff should only state the facts and claims that apply to this action.

### B. General Formatting Requirements

The Court advises Plaintiff of the following requirements under the Federal Rules of Civil

---

[1] Plaintiff currently has several actions proceeding in this Court: 1:06-cv-00205-AWI-GBC PC, filed February 23, 2006 (consolidated with 1:07-cv-01714-LJO-SMS PC); 1:07-cv-01714-LJO-SMS PC, removed November 21, 2007; and 1:08-cv-00822-DLB PC, removed 6/12/2008.

Procedure regarding the general formatting of his complaint. Plaintiff's complaint must contain "a short and plain statement of the claim showing that [Plaintiff] is entitled to relief." Federal Rule of Civil Procedure 8(a)(2). Plaintiff's second amended complaint is neither short nor plain. Plaintiff's second amended complaint is long and contains multiple unrelated incidents.

"Each allegation must be simple, concise, and direct." Federal Rule of Civil Procedure 8(d)(1). A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Federal Rule of Civil Procedure 10(b). Although Plaintiff does make limited use of numbered paragraphs, Plaintiff fails to limit each numbered paragraph to a single set of circumstances. Plaintiff's paragraphs are long, rambling, and occasionally span multiple dense pages of narrative.

"[E]ach claim founded on a separate transaction or occurrence . . . must be stated in a separate count." Federal Rule of Civil Procedure 10(b). Plaintiff does not state his claims in separate counts.

The function of the complaint is not to list every single fact relating to Plaintiff's claims. Because Plaintiff's complaint is not in compliance with Rule 8(a), the Court declines to expend its already taxed resources with attempting to sort out his claims. Plaintiff must submit a complaint to the Court that meets the requirements of Rule 8. It is Plaintiff's job, not the Court's, to state a claim for each defendant.

### 1. **Legibility**

Plaintiff is required to submit filings that are "clearly legible." Local Rule 130(b). In submitting a third amended complaint in compliance with this order, Plaintiff is required to leave a space between each word and to double space his sentences. Local Rule 130(c). Plaintiff is advised that he must find a way to submit a complaint that is improved with respect to legibility, such as using larger letters, with spaces between words.

Plaintiff will be given leave to file a third amended complaint. Plaintiff is advised that the failure to comply with the Local Rules, the Federal Rules of Civil Procedure, and the Court's orders will result in Plaintiff's third amended complaint being stricken from the record. Plaintiff is further warned that continued failure to take meaningful steps to obey the Court's orders may result in this

action being dismissed for failure to obey a court order.  See Local Rule 110.

### C. Joining Multiple Claims in a Single Lawsuit

Despite being specifically admonished for attempting to impermissibly join multiple claims in a single lawsuit, Plaintiff still attempts to state claims alleging multiple unrelated incidents against different defendants.

A basic lawsuit is a single claim against a single defendant. Federal Rule of Civil Procedure 18(a) allows a plaintiff to add multiple claims to the lawsuit when they are against the same defendant. Federal Rule of Civil Procedure 20(a)(2) allows a plaintiff to join multiple defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of transactions" and "any question of law or fact common to all defendants will arise in the action." However, unrelated claims that involve different defendants must be brought in separate lawsuits. See George, 507 F.3d at 607.  This rule is not only intended to avoid confusion that arises out of bloated lawsuits, but also to ensure that prisoners pay the required filing fees for their lawsuits and prevent prisoners from circumventing the three strikes rule under the Prison Litigation Reform Act. 28 U.S.C. § 1915(g).

Plaintiff's second amended complaint describes a wide variety of incidents ranging from assaults, stolen property, false rule violation reports, cell searches, interference with mail, unsanitary facilities, etc.  Plaintiff is advised that his claims do not arise out of the same "transaction, occurrence, or series of transactions."  Plaintiff attempts to link all the incidents described in his second amended complaint by calling them retaliatory.  The incidents described do not involve common questions of fact or law. Many incidents occurred on different days, at different places, and involved different Defendants. The facts necessary to prove these claims are unique. Plaintiff is not permitted to raise all his claims in a single action under Federal Rule of Civil Procedure 20(a)(2) simply because all the incidents occurred by prison officials who are harassing Plaintiff.  The mere fact that each Defendant intended to harass Plaintiff does not give rise to a common question of law or fact.

The Court advises Plaintiff that each claim that is raised in his third amended complaint must be permitted by either Rule 18 or Rule 20.  Plaintiff may state a single claim against a single

defendant.  Plaintiff may then add any additional claims to his action that are against the same defendant under Rule 18.  Plaintiff may also add any additional claims against other defendants if those claims arise from the same transaction, occurrence, or series of transactions as his original claim.  Plaintiff is advised that a claim does not arise from a common transaction, occurrence, or series of transactions merely because both claims involve the harassment of Plaintiff.  Any attempt to join claims that are not permitted by the Federal Rules of Civil Procedure will result in those claims being dismissed as improperly joined.

## V.  Conclusion and Order

For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for a violation of his constitutional rights.  Plaintiff is granted leave to file an amended complaint within thirty days.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights.  Iqbal, 129 S. Ct. at 1948-49.  "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.  "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1.      The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Plaintiff's complaint, filed April 22, 2010, is dismissed for failure to state a claim upon which relief may be granted under section 1983;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

4. Plaintiff is warned that the continued failure to comply with the Federal Rules of Civil Procedure, the Local Rules, and this order may result in an order striking Plaintiff's third amended complaint from the record or an order dismissing the action; and

5. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   October 8, 2010

UNITED STATES MAGISTRATE JUDGE