1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMELITO EXMUNDO, | CASE NO. 1:07-cv-01711-LJO-GBC (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITH PREJUDICE, AS DUPLICATIVE OF CIVIL ACTION NOS. 1:06-CV-00205 AND 1:07-CV-01714 |
| v. | |
| MTA DREW, et al., | |
| Defendants. | |
| _____ / | OBJECTIONS DUE WITHIN THIRTY DAYS |

### I. Procedural History

Plaintiff Emelito Exmundo ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis.

On February 23, 2006, Plaintiff filed a civil action in this Court, pursuant to 42 U.S.C. § 1983. *See Emelito Exmundo v. A.K. Scribner, et al.*, 1:06-cv-00205-AWI-GBC (E.D. Cal).

On April 9, 2007, Plaintiff filed the instant action in California Superior Court, County of Kings, pursuant to 42 U.S.C. § 1983. Doc. 1.

On June 15, 2007, Plaintiff filed a third civil action in California Superior Court, County of Kings, pursuant to 42 U.S.C. § 1983. *See Emelito Exmundo v. Vella, et al.*, 1:07-cv-01714-AWI-GBC (E.D. Cal). On November 21, 2007, Defendants removed *Exmundo v. Vella* to Federal Court. *See id.*

On November 26, 2007, Defendants removed the instant action to Federal Court. Doc. 1.

On March 31, 2009, the Court ordered the consolidation of cases *Exmundo v. Scribner*, 1:06-cv-00205-AWI-GBC and *Exmundo v. Vella*, 1:07-cv-01714-AWI-GBC.

1    On June 19, 2009, in *Exmundo v. Scribner*, Plaintiff filed a second amended complaint. Doc.

2    32. On October 8, 2010, the Court screened Plaintiff's complaint and required Plaintiff to amend his

3    complaint or notify the Court of willingness to proceed on only the cognizable claims. Doc 35.

4    On October 15, 2010, the Court ordered the joined cases severed.

5    On November 3, 2010, in *Exmundo v. Scribner*, Plaintiff notified the Court of his willingness

6    to proceed on only the cognizable claims. Doc 37. On November 15, 2010, the Court ordered that

7    the case proceed on only the cognizable claims against Defendants Bell and Johnson for excessive

8    force and dismissed the remaining claims and defendants. Doc 38.

9    On January 14, 2011, in *Exmundo v. Vella*, Plaintiff filed a second amended complaint. Doc.

10   26. On May 2, 2011, the Court screened Plaintiff's claim and required Plaintiff to amend his

11   complaint or notify the Court of willingness to proceed on only the cognizable claims. Doc 28. On

12   May 12, 2011, Plaintiff notified the Court of his willingness to proceed on only the cognizable

13   claims. Doc 29. On August 31, 2011, the Court ordered that the case proceed on only the cognizable

14   claims against Defendant Vogel for excessive force and retaliation and dismissed the remaining

15   claims and defendants. Doc 31.

16   On October 5, 2011, Plaintiff filed his fourth amended complaint in the instant action. Doc.

17   42. For the reasons set forth below, the undersigned recommends dismissal of this action, with

18   prejudice, as duplicative of Civil Action Numbers 1:06-cv-00205 and 1:07-cv-01714.

19                                   **II. Standard of Review**

20   Pursuant to 28 U.S.C. § 1915A(a), the Court is required to screen prisoner complaints

21   seeking relief against a governmental entity, officer, or employee and must dismiss a complaint if

22   the action is frivolous, malicious, or fails to state a claim upon which relief may be granted. *See* 28

23   U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Duplicative lawsuits filed by a plaintiff proceeding in forma

24   pauperis are subject to dismissal as either frivolous or malicious under 28 U.S.C. § 1915(e). *See, e.g.*,

25   *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); *McWilliams v. State of Colo.*, 121

26   F.3d 573, 574 (10th Cir. 1997); *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993); *Bailey v.

27   Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988). An in forma pauperis complaint that merely repeats

28   pending or previously litigated claims may be considered abusive and dismissed under § 1915. *Cato*,

1  70 F.3d at 1105 n.2; *Bailey*, 846 F.2d at 1021. Repeating the same factual allegations asserted in an

2  earlier case, even if now filed against new defendants, is subject to dismissal as duplicative. *See, e.g.*,

3  *Bailey*, 846 F.2d at 1021; *Van Meter v. Morgan*, 518 F.2d 366, 368 (8th Cir. 1975). "Dismissal of

4  the duplicative lawsuit, more so than the issuance of a stay or the enjoinment of proceedings,

5  promotes judicial economy and the comprehensive disposition of litigation." *Adams v. California*,

6  487 F.3d 684, 688, 692-94 (9th Cir. 2007).

7  ### III. Analysis

8  ### A. Plaintiff's Complaints

9  ### 1. Plaintiff's Fourth Amended Complaint in the Instant Case

10  In Plaintiff's fourth amended complaint, Plaintiff alleges interference with his mail,

11  retaliation, excessive force, insufficient due process, violations of prison policies, conspiracies, and

12  other state law claims. Pl. 4th Am. Compl., Doc 42. Plaintiff names the following Defendants:

13  California Department of Corrections and Rehabilitation ("CDCR"), R. Vella, D. G. Adams, S. Pina,

14  H. Q. Gadsden, R. Speidell, M. Drew, Cooper, Renteria, and Vogel. *Id.* at 1 & 10.

15  Plaintiff alleges that he filed a grievance against Defendant Renteria for opening his legal and

16  confidential mail. *Id.* at 3. Defendants Renteria and Cooper retaliated against Plaintiff for filing a

17  grievance by opening his legal and confidential mail and delaying giving Plaintiff his mail. *Id.*

18  Defendant Renteria refused to call Plaintiff to his assigned "Porter" job, arbitrarily only searched

19  Plaintiff before going into buildings, and gave Plaintiff's niece's letter to a child molester. *Id.*

20  Defendant Renteria said Plaintiff was in trouble for filing a grievance. *Id.* Defendants Renteria and

21  Drew retaliated against Plaintiff for filing a grievance by forcing Baeza to file an RVR for misuse

22  of food because Plaintiff was given an apple. *Id.* at 4. Defendant Drew gave Plaintiff the RVR during

23  the grievance hearing against Defendant Renteria to intimidate Plaintiff. *Id.* at 5. After the grievance

24  hearing, Defendants Cooper and Renteria then searched Plaintiff and went through his record while

25  requiring Plaintiff to keep his arms raised, causing Plaintiff great pain. *Id.* Defendant Renteria told

26  Plaintiff "you wrote me up, get out of the building," preventing Plaintiff doing his job to assist the

27  ADA disabled inmates. *Id.*

28  On February 19, 2006, Defendant Drew ordered Defendant Cooper to body search Plaintiff,

1   and Defendant Cooper kicked Plaintiff's feet and ankles apart, which aggravated Plaintiff's earlier

2   injury from tripping on a sprinkler hole. *Id.* at 6. Defendant Drew told him he will continue to harass

3   him if he does not withdraw the grievance. *Id.* at 7. Plaintiff filed another grievance for this

4   retaliatory action. *Id.* On March 24, 2006, Defendant Pina interviewed Plaintiff for the grievance he

5   filed about the retaliations he is subject to by prison officials and their supervisors not doing anything

6   to stop it. *Id.* at 7. Defendant Pina retaliated against Plaintiff by filing a false RVR against him. *Id.*

7   On April 3, 2006, Defendant Speidell had the hearing for the RVR for "filing a false document." *Id.*

8   at 8. Plaintiff was found guilty of the RVR, but the charges were unsupported and Plaintiff was

9   denied witnesses. *Id.* at 8-9. Defendants Vella and Speidell conspired to retaliate against Plaintiff

10   by filing frivolous RVRs. *Id.* at 9. Defendant Gadsden removed Plaintiff from his job because of

11   Defendant Vella, a wrongful termination. *Id.* Defendant Vella and the frivolous RVR caused Plaintiff

12   to be placed on C-status. *Id.*

13        On May 6, 2006, Plaintiff was extracted from his cell by order of Defendant Vella. *Id.* at 10.

14   Plaintiff was placed in administrative segregation. *Id.* When Defendant Vogel came to his cell, he

15   pulled Plaintiff's arm, felt his right shoulder pop, and hit his head on the bunk. *Id.* Defendant Vogel

16   grabbed the back of Plaintiff's neck and slammed his face into the concrete wall. *Id.* It was so strong

17   that it loosened his teeth and injured his neck. *Id.* at 11. Plaintiff's injury required fusion surgery. *Id.*

18   He was in pain for three years before the surgery, and it took one and one-half years for the surgery

19   to heal. *Id.* The dentist had to pull four loose teeth. *Id.* The excessive force was retaliation and a

20   conspiracy with Defendant Vella. *Id.* Plaintiff alleges assault and battery. *Id.* at 12.

21        Plaintiff alleges retaliation for assisting with disabled inmates. *Id.* Plaintiff's complaint seeks

22   the gym cleaned and wheelchair access to the side doors. *Id.* Prison officials removed him from

23   disability mobility impairment and stopped his pain treatment to his back because of his lawsuits.

24   *Id.* For relief, Plaintiff requests the Court expunge frivolous RVRs from his record; that he be

25   returned to his job with backpay; treatment for his neck and back injuries; a declaratory judgment;

26   an injunction; and damages. *Id.* at 3 & 13.

27   //

28   //

**2. Plaintiff's Second Amended Complaint in *Exmundo v. Scribner*,
1:06-cv-00205-AWI-GBC**

In *Exmundo v. Scribner*, 1:06-cv-00205-AWI-GBC, Plaintiff filed a second amended claim and then elected to proceed on the claims found cognizable by the Court against Defendants Bell and Johnson for excessive force. Doc. 37. In Plaintiff's second amended complaint, he makes allegations of failure to protect, retaliation, insufficient due process, unlawful searches, frivolous RVRs, failure to prevent theft of personal property, excessive force, conspiracy, wrongful placement in "C" status, wrongful placement in administrative segregation, and deliberate indifference to medical care. Pl. 2nd Amend. Compl. at 7, Doc 32. Plaintiff names the following defendants: J.A. Tilton, D.D. Ortiz, R. Vella, R. Rangel, R. Spriester, M. Rosenquist, S. Felder, R. Speidell, J. Kavanaugh, T. Hasadsri, D. Robertson, R. Vogel, T.K. Moore, B. Bell, B. Johnson, D. Valtierra, S. Pina, R. Campbell, and Castro. *Id.* at 4, 6, 15, 18, & 25. Plaintiff notes that the case was consolidated with *Exmundo v. Vella*, 1:07-cv-01714-AWI-GBC, and that defendants Vella, Hasadsri, Vogel, Johnson, and Adams removed the case to federal court. *Id.* at 4. Plaintiff states that this complaint was a continuous and perpetual violation of Plaintiff's civil rights. *Id.*

Plaintiff alleges that on October 5, 2005, Defendants Bell and Johnson used excessive force against Plaintiff after escorting him to his cell from the shower. Plaintiff alleges Defendants Bell and Johnson kicked, body slammed, punched, and choked Plaintiff. *Id.* at 12. Plaintiff states that he lost consciousness and was bleeding profusely from a cut on his foot. *Id.* Plaintiff states that after the incident he complained of back pain and numb fingers and toes. *Id.*

Plaintiff further alleges that on February 15, 2006, Sgt. Drew dimmed the lights during a grievance interview and made Plaintiff straddle a chair. *Id.* at 14. Sgt. Drew retaliated against Plaintiff for filing a grievance by forcing Baeza to file an RVR for misuse of food because Plaintiff was given an apple. *Id.* at 15. On February 21, 2006, Plaintiff filed a grievance for retaliation by Sgt. Drew, C.O. Renteria, and C.O. Cooper. *Id.* On March 15, 2006, S. Pina conspired with Vella to file a false RVR. *Id.* On April 3, 2006, Speidell conspired with Vella by violating his due process in the grievance hearing and by filing a frivolous RVR. *Id.* at 15-16. On May 6, 2006, Vogel extracted Plaintiff from his cell by order of Vella. *Id.* at 17. Vogel yanked Plaintiff's arm with such force that

1   he felt his right shoulder [pop]. *Id.* Plaintiff hit his head on the bunk and Vogel slammed Plaintiff's

2   face into the concrete wall so hard that it loosened his teeth. *Id.* Lt. Gadsden told Plaintiff he had the

3   lock up order. *Id.* Vogel and Vella retaliated and conspired against Plaintiff by using excessive force

4   and placing Plaintiff in administrative segregation for filing grievances, for his "jailhouse lawyering"

5   activities, and for assisting inmates with disabilities. *Id.* at 22.

6          Plaintiff attached exhibits to his second amended complaint. *Id.* at 26-120. On December 12,

7   2005, Plaintiff filed a grievance that C.O. Cooper is not calling him to work as a porter. *Id.* at 86. On

8   January 12, 2006, Plaintiff filed a grievance against Renteria for refusing to accept his legal mail

9   without first inspecting the contents. *Id.* at 83. Plaintiff wrote that Renteria is delaying his mail in

10  retaliation for the times Plaintiff wrote to Lt. Gadsden and Sgt. Burgess about not being called to

11  work. *Id.* at 85-86. Renteria was arbitrarily searching Plaintiff, messing with his mail, and not calling

12  him for work. *Id.* On February 2, 2006, Plaintiff filed a grievance against C.O. Renteria for

13  harassment, delaying his legal mail, and obstructing his access to courts. *Id.* at 41. On February 21,

14  2006, Plaintiff filed a grievance against Sgt. Drew, Renteria, and Cooper for attempting to coerce

15  Plaintiff to withdraw a grievance. *Id.* at 91. Sgt. Drew ordered C.O. Cooper to body search Plaintiff,

16  and C.O. Cooper kicked Plaintiff's feet and ankles apart, which aggravated Plaintiff's earlier injury

17  from tripping on a sprinkler hole. *Id.* On March 15, 2006, Lt. Pina interviewed Plaintiff for an RVR

18  charging Plaintiff with falsification of documents. *Id.* at 96. Plaintiff alleged that Sgt. Drew

19  threatened Plaintiff to withdraw his appeal. *Id.* Plaintiff alleged that Renteria kicked Plaintiff out of

20  the building, preventing him from performing his job. *Id.* at 100.

21         For relief, Plaintiff requests the Court expunge frivolous RVRs from his record; that he be

22  transferred out of administrative segregation; that certain defendants be unable to work near Plaintiff;

23  a declaratory judgment; an injunction; and damages. *Id.* at 3 & 24.

24  //

25  //

26  //

27  //

28  //

### 3. Plaintiff's Second Amended Complaint in *Exmundo v. Vella*, 1:07-cv-01714-AWI-GBC

In *Exmundo v. Vella*, 1:07-cv-01714-AWI-GBC, Plaintiff filed a second amended claim and then elected to proceed on the claims found cognizable by the Court against Defendant Vogel for excessive force and retaliation. Doc. 29. In Plaintiff's second amended complaint, he makes allegations of excessive force, retaliation for filing grievances, insufficient due process, an arbitrary search, frivolous RVRs, conspiracy, wrongful placement in "C" status, wrongful placement in administrative segregation, and deliberate indifference to medical care. Pl. 2nd Am. Compl. at 4-6, 8, Doc. 26. Plaintiff names the following defendants: J.A. Tilton, R. Vella, R. Vogel, and M. Rosenquist. *Id.* at 1. Plaintiff alleges that Vogel used excessive force in retaliation for Plaintiff filing grievances against Vella and Rosenquist. *Id.* at 4. Vella denied Plaintiff his due process during a grievance hearing and wrongful placement in "C" status. *Id.* Vella, Vogel, and Rosenquist conspired to transfer Plaintiff to administrative segregation. *Id.* C.O. Castro conducted an arbitrary search, requiring Plaintiff to keep his arms raised, causing him pain. *Id.* at 4. Castro was sexually harassing him because Plaintiff has long hair. *Id.* Plaintiff alleges excessive force against C.O. Bell and C.O. Johnson. *Id.* at 5. Plaintiff filed a grievance against C.O. Renteria for delaying and reading his mail and for giving a letter from his niece to a child molester. *Id.* Defendant Vella dimmed lights during a grievance interview and made him straddle a chair. *Id.* On April 15, 2006, Defendant Vogel interviewed Plaintiff, and Vella ordered Defendant Vogel to tell Plaintiff to withdraw the grievance. *Id.* Defendant Vogel filed an RVR in retaliation for a grievance Plaintiff filed against Vogel and C.O. Castro. *Id.* at 6.

On May 5, 2006, Vella, Vogel, and Rosenquist conspired to place Plaintiff in administrative segregation. *Id.* at 7. Lt. Gadsden said he did not want to put Plaintiff in administrative segregation but he could not disobey an order from Vella. *Id.* On May 6, 2006, Defendant Vogel extracted Plaintiff from his cell, yanking his arm, and Plaintiff heard his shoulder pop. *Id.* He hit his head very hard on the bunk. *Id.* Vogel grabbed the back of Plaintiff's neck and slammed his face on the cement so hard that Plaintiff broke his nose, hurt his forehead, and loosened two teeth. *Id.*

For relief, Plaintiff requests the Court to provide Plaintiff with adequate medical care for his

neck, back, knees, and elbow; expunge frivolous RVRs from his record; that certain defendants be unable to work near Plaintiff; a declaratory judgment; an injunction; and damages. *Id.* at 3 & 8-9.

## B. Duplicative Claims

> [I]n assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same . . . "There must be the same parties, or, at least, such as represent the same interests; there must be the same rights asserted and the same relief prayed for; the relief must be founded upon the same facts, and the . . . essential basis, of the relief sought must be the same." *Curtis v. Citibank, N.A.*, 226 F.3d 133 (2d Cir. 2000) (holding that the trial court did not abuse its discretion in dismissing *Curtis II* claims arising out of the same events as those alleged in *Curtis I*, which claims would have been heard if plaintiffs had timely raised them). *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223-24 (7th Cir. 1993) ("[A] suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions.").

*See Adams*, 487 F.3d at 689. From a review of Plaintiff's three cases, the Court finds that Plaintiff's instant case is duplicative because the claims, parties, and available relief do not significantly differ between this case and the other two pending actions. In all three cases, Plaintiff alleges claims of excessive force, retaliation, insufficient due process, and conspiracy. In all three cases, Plaintiff states similar allegations against officers employed at California State Prison at Corcoran. In all three cases, Plaintiff requests relief of expunging the frivolous RVRs from his record, equitable relief, and damages.

In the instant case, Plaintiff's allegations are duplicative of *Exmundo v. Scribner*, 1:06-cv-00205-AWI-GBC and *Exmundo v. Vella*, 1:07-cv-01714-AWI-GBC. First, Plaintiff alleges that Renteria and Cooper interfered with Plaintiff's mail in retaliation for filing grievances, prevented him from doing his job as a porter, arbitrarily searched him, and gave his niece's letter to a child molester. Pl. 4th Am. Compl. at 3-4, Doc 42. Plaintiff made the same allegations in *Exmundo v. Scribner*, Pl. 2nd Am. Compl. at 41, 83, 85-86, 91, 100, Doc. 32, and *Exmundo v. Vella*, Pl. 2nd Am. Compl. at 5, Doc. 26. Second, Plaintiff alleges that Sgt. Drew and C.O. Cooper harassed Plaintiff, filed a frivolous RVR against him, retaliated against him for filing a grievance, attempted to coerce him into withdrawing his grievance, and kicked his feet apart while conducting a body search, causing him pain. Pl. 4th Am. Compl. at 6-7, 91, Doc 42. Plaintiff made the same allegations in

*Exmundo v. Scribner*, Pl. 2nd Am. Compl. at 14-15, 91, 96, Doc. 32. Third, Plaintiff alleges that Pina, Vella, and Speidell conspired against Plaintiff, filed frivolous RVRs against him, harassed him, and denied him due process during his grievance hearings. Pl. 4th Am. Compl. at 7-9, Doc 42. Plaintiff made the same allegations in *Exmundo v. Scribner*, Pl. 2nd Am. Compl. at 15-16, 96, Doc. 32, and *Exmundo v. Vella*, Pl. 2nd Am. Compl. at 4-5, Doc. 26. Fourth, Plaintiff alleges that Gadsden, Vella, and Vogel conspired to remove Plaintiff from his job, caused him to be placed in C-status, caused him to be placed in administrative segregation, and used excessive force against him by extracting him from his cell and injuring his teeth and neck. Pl. 4th Am. Compl. at 7-11, Doc 42. Plaintiff made the same allegations in *Exmundo v. Scribner*, Pl. 2nd Am. Compl. at 17, 22, 85-86, Doc. 32, and *Exmundo v. Vella*, Pl. 2nd Am. Compl. at 4-5, 7, Doc. 26.

Plaintiff's fourth amended complaint in the instant case is essentially duplicative of his other two pending cases, *Exmundo v. Scribner*, 1:06-cv-00205-AWI-GBC and *Exmundo v. Vella*, 1:07-cv-01714-AWI-GBC. Plaintiff's complaint chronologizes an unending chain of allegations of wrongdoing on the part of the correctional officers; grievances due to the alleged wrongdoing; and retaliations resulting from his grievances. Plaintiff has made the same allegations in his two other cases. Therefore, the claims in the instant case are duplicative of those in his two other pending cases.

### C. Privity Between Parties

An in forma pauperis complaint repeating the same factual allegations asserted in an earlier case, even if now filed against new defendants, is subject to dismissal as duplicative. *See Bailey*, 846 F.2d at 1021; *see also Van Meter v. Morgan*, 518 F.2d at 368. Plaintiff's fourth amended complaint in the instant case names defendants CDCR, R. Vella, D. G. Adams, S. Pina, H. Q. Gadsden, R. Speidell, M. Drew, Cooper, Renteria, and Vogel, who were also directly named or mentioned in his other pending cases. In *Exmundo v. Scribner*, 1:06-cv-00205-AWI-GBC, the case is proceeding on the claims against defendants Bell and Johnson for excessive force. Doc. 37. However, Plaintiff made allegations against all of the named defendants in the instant case, or mentioned all of the named defendants in the instant case, in his second amended complaint. Moreover, in response to a motion to dismiss filed by the defendants for failure to exhaust, Plaintiff states that on February

2, 2006, he filed grievance against Renteria for retaliation of the grievances he filed against Bell and Johnson. Pl. Resp. at 3, Doc. 48.

In *Exmundo v. Vella*, 1:07-cv-01714-AWI-GBC, the case is proceeding on the claims against defendant Vogel for excessive force and retaliation. Doc. 29. In response to a motion to dismiss filed by the defendant for failure to exhaust, Plaintiff cites the grievance he filed on May 23, 2006 against Vella, Rosenquist, and H.Q. Gadsden for a retaliation conspiracy to transfer Plaintiff to administrative segregation. Pl. Resp. at 13, Doc. 35. Plaintiff also attaches the January 12, 2006 and February 2, 2006 grievances he filed against Renteria for retaliation, interference with his legal mail, and interference with access to courts. *Id.* at 35 & 37.

Although Plaintiff filed *Exmundo v. Vella* on June 15, 2007, shortly after he filed the instant action on April 9, 2007, the Court had consolidated *Exmundo v. Vella* with *Exmundo v. Scribner*, which Plaintiff filed on February 23, 2006. Moreover, the sole remaining defendant in *Exmundo v. Vella* has been served with the complaint and has filed a responsive pleading. Doc. 32. The instant case is still in the screening stage, so it would not be in the interest of judicial economy to dismiss *Exmundo v. Vella* and permit the instant case to move forward.

Finally, all the defendants are in privity with the other correctional officer defendants as employees of the California State Prison in Corcoran. *See Nordhorn v. Ladish Co., Inc.*, 9 F.3d 1402, 1405 (9th Cir. 1993); *see also Sunshine Anthracite Coal Co. v. Adkins*, 310 U.S. 381, 402-03 (1940); *Adams*, 487 F.3d at 691. In the instant case, Plaintiff also names defendant CDCR, which would have Eleventh Amendment immunity, *Aholelei v. Dept. of Public Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007), and D. G. Adams, the warden at Corcoran, who would not liable as a supervisor without any direct participation in the deprivation of Plaintiff's rights, *Ashcroft v. Iqbal*, 556 U.S. 662, __, 129 S. Ct. 1937, 1948-49 (2009).

//

//

//

//

//

1

### IV. Conclusion and Recommendation

2      The Court finds that Plaintiff's fourth amended complaint in the instant case is duplicative

3 of Plaintiff's two other pending cases, *Exmundo v. Scribner*, 1:06-cv-00205-AWI-GBC and

4 *Exmundo v. Vella*, 1:07-cv-01714-AWI-GBC. Therefore, the Court hereby RECOMMENDS that

5 this action be DISMISSED WITH PREJUDICE as duplicative of Civil Action Numbers

6 1:06-CV-00205 and 1:07-CV-01714.

7      These Findings and Recommendations will be submitted to the United States District Judge

8 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days**

9 after being served with these Findings and Recommendations, Plaintiff may file written objections

10 with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and

11 Recommendations." Plaintiff is advised that failure to file objections within the specified time may

12 waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

13

14

15 IT IS SO ORDERED.

16

Dated:    December 22, 2011

17                                                    UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28